UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SCOTT FAULKNER, | ) Case No. 5:25-cv-00473-ODW-JDE |
| Plaintiff, | ) |
| v. | ) ORDER ACCEPTING FINDINGS |
| | ) AND RECOMMENDATION OF |
| COUNTY OF RIVERSIDE, et al., | ) UNITED STATES MAGISTRATE |
| | ) JUDGE |
| Defendants. | ) |
| | ) |
| | ) |

Under 28 U.S.C. § 636, the Court has reviewed the records on file, including the Civil Rights Complaint filed by Scott Faulkner ("Plaintiff") (Dkt. 1, "Complaint"), the Report and Recommendation of the Magistrate Judge (Dkt. 4, "Report"), and the Objections to the Report filed by Plaintiff on May 5, 2025 (Dkt. 5, "Objections" or "Obj."). Further, the Court has engaged in a de novo review of those portions of the Report to which objections have been made.

Among other recommended findings, the Magistrate Judge found Plaintiff failed to state a claim against Cpt. Flakes, Lt. Hyland, and Sgt. Rustad for failing to provide Plaintiff with a civil rights complaint packet. Report at 7. Though styled as an "equal protection" claim, as the Magistrate Judge

reasonably found, the alleged underlying violation is for denial of access to the courts. The claim was addressed accordingly. Id. Plaintiff objects to this categorization and requests that his claim be considered "as it was submitted." Obj. at 2. However, even if the Court were to consider this claim under the Equal Protection Clause, Plaintiff fails to state a plausible equal protection claim.

Plaintiff claims Cpt. Flakes, Lt. Hyland, and Sgt. Rustad violated his equal protection rights "by failing to provide the same access to the courts provided to a similarly situated inmate." Complaint at 7 (CM/ECF pagination). In particular, Plaintiff complains that while he was housed at Cois Byrd Detention Center ("CBDC"), another inmate obtained a "civil rights complaint packet" from classification deputies. Id. However, Sgt. Rustad denied Plaintiff's request for the same packet, telling him that CBDC staff "do not provide the documents and to contact an attorney for help." Id. at 10. Lt. Hyland and Cpt. Flakes later denied Plaintiff's appeals on the matter. Id. at 11-12.

While the Equal Protection Clause "requires the State to treat all similarly situated people equally," this does not mean that "all prisoners must receive identical treatment and resources." Hartmann v. Cal. Dep't of Corrs. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013)); McQueary v. Blodgett, 924 F.2d 829, 835 (9th Cir. 1991) ("the Constitution does not require identical treatment"); Shakur v. Ryan, 2019 WL 2247707, at *7 (D. Ariz. May 24, 2019) ("Inmates are not entitled to identical treatment as other inmates merely because they are all inmates."). Here, Plaintiff was notified by Sgt. Rustad and Lt. Hyland that the specific documents Plaintiff was requesting are not provided by CBDC. See Complaint at 10-11. The mere fact that a different sergeant may have provided a civil rights complaint packet to another inmate, making an exception to the general rule, does not show Sgt. Rustad, Lt.

Hyland, and Cpt. Flakes's failure to do the same violated Plaintiff's equal protection rights, particularly given Plaintiff procured the form a short time later (see Complaint at 12-13). Plaintiff's allegations do not state a viable equal protection claim. Moreover, Plaintiff's Complaint, asserting a lack of access to federal courts, is otherwise frivolous, bordering on malicious. As the Magistrate Judge noted, "Plaintiff has had more access to federal courts in the past year and a half than perhaps all but a handful of persons in the United States." Report at 14. Leave to amend is not warranted.

As noted above, the Court has engaged in a de novo review of those portions of the Report to which objections have been made, and has considered and rejected the remaining arguments raised by Plaintiff in his Objections. The Court accepts the findings and recommendation of the Magistrate Judge.

Therefore, IT IS HEREBY ORDERED that:

(1) the Report and Recommendation is approved and accepted; and

(2) this action is dismissed with prejudice

Dated: May 14, 2025

_____
OTIS D. WRIGHT, II
United States District Judge